*165 Landon, J., (concurring.)
Whether a printed publication is libelous per se is for the court to decide. But a publication may seem on its face to be innocent, and yet the extrinsic facts may be such as to render it libelous. In the latter case the judge must hold that the publication is not libelous per se, but whether it is in fact libelous, in view of the extrinsic facts, he cannot decide, if the facts, in connection with tlie publication, are such as admit of an inference either way. The facts may have to be settled by the jury, and which inference from the facts is the true one the jury must settle. In this case the publication on its face does not disparage, reproach, accuse, belittle, or ridicule the plaintiff, but states alleged reports to the effect that by overwork his mental and bodily health became impaired, in which condition, and in consequence of it, he made statements injurious to the bank. On its face this is no libel. In the absence of any allegations of special damage, such as loss of position, business, or the like, libel is an assault upon one’s good name and fame. A charge of illness, either of body or mind, implies no moral obliquity. It is an unfortunate affliction, exciting sympathy, but not suggesting anything to impair one’s good name or fame. But malice may lurk in the publication. Under color of a charge of misfortune, an imputation of fault may be conveyed; in words of sympathy or regret, a shaft may be sent. Clearly the plaintiff, who claims to have thus been assailed, should show the facts which give to words, innocent in appearance, their harmful purpose. When the words are not libelous per se, the plaintiff fails, if he does not adduce the extrinsic facts which tend to show that the publication was likely to be understood as injuriously reflecting upon him. The plaintiff rested his case upon proof of the publication of the article, and that he was a bank teller, and had been a teller of the bank mentioned in the publication, and was now a teller in another bank. I do not think he made out a case. The motion for nonsuit should have been granted, and hence he has no ground of complaint.